**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2741-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

L.L.M.,

    Defendant-Appellant.

_____

Submitted June 4, 2018 – Decided June 22, 2018

Before Judges Whipple and Rose.

On appeal from Superior Court of New Jersey, Law Division, Gloucester County, Indictment No. 08-03-0291.

Joseph E. Krakora, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).

Sean F. Dalton, Gloucester County Prosecutor, attorney for respondent (Margaret A. Cipparrone, Senior Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant L.L.M.[1] appeals from the January 23, 2017 denial of his petition for post-conviction relief ("PCR") without an evidentiary hearing. We affirm.

In his single-point merits brief, defendant raises the following argument for our consideration:

> DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING WHERE HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL MOVED TO ADMIT DEFENDANT'S ENTIRE INTERROGATION, NON-REDACTED, ALLOWING THE JURY TO CONSIDER THE UNDULY PREJUDICIAL ULTIMATE OPINIONS MADE BY THE INTERROGATOR.

We incorporate by reference the facts and procedural history set forth in our prior unpublished opinion. State v. L.L.M., No. A-6274-10 (App. Div. Oct. 25, 2013). Pertinent to this appeal, defendant sexually assaulted his wife's cousin over the course of three years when the victim was between the ages of ten and thirteen. Defendant was ultimately arrested, waived his Miranda[2] rights, and was questioned by the investigating officers for nearly four hours. Defendant maintained his innocence during the interrogation, which was video-recorded.

At trial, defendant testified on his own behalf. On cross-examination, the prosecutor attempted to impeach defendant's

---

[1] We use initials to protect the privacy of the victim.

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

A-2741-16T3

testimony with portions of his recorded statement, such as, the victim was "very mature for her age." Defense counsel objected, requesting the court play defendant's entire video-recorded statement to the jury so that the statements read by the prosecutor were not taken out of context.

After a short recess to resolve technological issues, defense counsel, apparently reconsidering his initial request, moved to redact those portions of the recording where the officers expressed their belief that the victim's allegations were true. The trial judge accepted the prosecutor's argument that the doctrine of completeness warranted playing the video in full. The judge also was concerned that editing the video would delay the trial.

After the entire video-recorded statement was played for the jury, the judge issued the following limiting instruction:

> During the interview, you heard questions or statements by the detectives that included comments or opinions relating to the credibility of [the victim] and the credibility of the [d]efendant.
>
> You're not to give those comments any weight. Determining the credibility of witnesses who have testified here and the weight to give to their testimony is for you and you alone to determine. You are the judges of the facts.
>
> Thus, what has been said by others, as to the credibility of any witnesses here is to be disregarded by you, as it relates to the

credibility of those witnesses. That is solely your determination.

Also, there were questions and statements asked by the detective and statements by the [d]efendant, which included certain statements or allegations of facts. The facts that are contained within questions do not prove the existence of those facts.

You only consider such facts which, in your judgment, have been proven by the testimony of witnesses and from the exhibits admitted into evidence by the [c]ourt.

Defendant was convicted of second-degree sexual assault, N.J.S.A. 2C:14-2(b), and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). He was sentenced to an aggregate seven-year term of imprisonment, subject to an eighty-five percent period of parole ineligibility, pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2.

Defendant raised several arguments on direct appeal. L.L.M., slip op. at 15-16. Relevant here, defendant claimed "the trial court erred in failing to excise prejudicial material from the interrogation video that was played to the jury." Id. at 16. "Although we agree[d] with defendant that it would have been preferable to have delayed the trial to edit out the officers' personal opinions from the videotape, we conclude[d] that the playing of the entire tape, along with the judge's extensive curative instruction, was not harmful error." Id. at 27-28. The

4

Supreme Court thereafter denied certification. <u>State v. L.L.M.</u>, 217 N.J. 588 (2014).

Defendant then filed a PCR petition, alleging ineffective assistance of his trial and appellate counsel on several grounds. In the alternative, defendant requested an evidentiary hearing. Relevant to this appeal, defendant claimed trial counsel advanced an "ill-advised trial strategy of requesting a showing to the jury, the full version of [his] statement to the police without any redactions." Specifically,

> the inflection of [the officers'] voices, the language used by them, their forceful accusatory statements, along with their clear opinions that the alleged victim was telling the truth and the [d]efendant was not being forthright, is sufficient evidence in and of itself for the court to make a finding that trial counsel's decision to play the entire interrogation was unsound trial strategy.

In a comprehensive twenty-six page written decision, the PCR judge denied each of defendant's claims. Regarding defendant's sole claim before us in this appeal, the PCR judge referenced our opinion on direct appeal, finding that because we determined admission of the entire statement was harmless error, "trial counsel cannot be held accountable for the court's decision to play the tape in full."

The PCR judge also found trial counsel's decision in this regard was sound trial strategy. In particular, the judge noted

"trial counsel's decision to seek to play more of the defendant's statement was a response to his concerns that the limited portions of the statement that [were] being played were more harmful if left in their limited form or out of context." The judge thus found, "This is not an unreasonable approach."

Further, the PCR judge determined defendant's claim was procedurally barred pursuant to Rule 3:22-5, because that claim was decided previously by us on the merits. Nevertheless, the PCR judge addressed the merits of defendant's argument, finding our determination of harmless error "means . . . [admission of the entire statement] did not prejudice [defendant's] substantial rights under R[ule] 1:7-5. Without any prejudice, [defendant's] argument cannot be said to satisfy the second prong of the Strickland/Fritz[3] analysis and therefore warrants no further consideration."

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992). Pursuant to Rule 3:22-2(a), a criminal defendant is entitled to post-conviction relief if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under

---

[3] Strickland v. Washington, 466 U.S. 668 (1984); State v. Fritz, 105 N.J. 42 (1987) (adopting the Strickland two-part test in New Jersey).

the Constitution of the United States or the Constitution or laws of the State of New Jersey."

"[A] defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence." State v. Gaitan, 209 N.J. 339, 350 (2012) (citations omitted). A defendant must prove counsel's performance was deficient; it must be demonstrated that counsel's handling of the matter "fell below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687-88; Fritz, 105 N.J. at 52.

A defendant must also prove counsel's "deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. Prejudice is established by showing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Thus, petitioner must establish that counsel's performance was deficient and petitioner suffered prejudice in order to obtain a reversal of the challenged conviction. Id. at 687; Fritz, 105 N.J. at 52.

Further, the mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should

grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. See Preciose, 129 N.J. at 462. We review any legal conclusions of the trial court de novo. State v. Nash, 212 N.J. 518, 540-41 (2013); State v. Harris, 181 N.J. 391, 419 (2004).

While we disagree with the PCR court that defendant's claim was barred procedurally,[4] the judge astutely rejected defendant's claims on the merits, giving due deference to trial counsel's trial strategy. Here, that strategy was specifically designed to rebut negative inferences suggested by the prosecutor on cross-examination with the introduction of a lengthy video-recorded statement, during which defendant maintained his innocence. Further, even if trial counsel's strategy were deemed deficient,

---

[4] On direct appeal, we only considered whether the trial court erred in admitting defendant's entire video-recorded statement; we did not consider whether counsel was ineffective in seeking to do so. Thus, defendant's ineffective assistance of counsel claim is not procedurally barred pursuant to Rule 3:22-5; see also State v. McQuaid, 147 N.J. 464, 484 (1997) (recognizing "claims that differ from those asserted below will be heard on PCR").

because we found admission of the statement was "not harmful error," defendant fails to satisfy the prejudice prong. Strickland, 466 U.S. at 687.

We also reject defendant's suggestion that the officers' interrogation techniques were improper. In particular, defendant claims the video depicts one of the officers "sitting next to the defendant at the table, putting [the officer's] arms around him, holding the defendant's hand, and [an officer] telling the defendant that he knows what the defendant is going through, and that the defendant will feel better once it is off his chest." These investigative techniques were not inappropriate. See State v. DiFrisco, 118 N.J. 253, 257 (1990) (acknowledging "[t]he fact that an investigative officer is friendly, sympathetic, and encourages the trust of the defendant to give a statement ordinarily would not render the confession involuntary").

We are satisfied from our review of the record that defendant failed to demonstrate a prima facie showing of ineffectiveness of trial counsel under the Strickland/Fritz test. We, therefore, discern no abuse of discretion in the denial of defendant's PCR petition. The PCR judge correctly concluded an evidentiary hearing was not warranted. See Preciose, 129 N.J. at 462-63.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-2741-16T3